**UNITED STATES v. 149 GIFT PACKAGES, MORE OR LESS, LABELED IN PART "INGREDIENTS; SUGAR, CORN SYRUP, FLOUR, MALT, NUTS, COCOANUT AND CREAMERY BUTTER," etc.**

Misc. No. 827.

District Court, E. D. New York.

Dec. 11, 1943.

994

Harold M. Kennedy, U. S. Atty., of Brooklyn, N. Y. (Morris K. Siegel, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for libelant.

David Haar, of New York City, for claimant.

BYERS, District Judge.

Motion to strike counterclaim.

In this cause the Government has libeled 149 Gift Packages of food stuffs, alleging them to be misbranded. They have been claimed by R. L. Albert & Son, Inc., in an answer which denies the alleged misbranding.

The claimant does not in terms, except in the counterclaim, admit that it shipped the 149 Gift Packages in interstate commerce, although perhaps it meant to do so by inference, since so much of the libel is not denied. This does not meet the requirements of Admiralty Rule 26, 28 U.S. C.A. following section 723.

The answer does deny misbranding within 21 U.S.C.A. § 343(d), which provides that a food shall be deemed to be misbranded "(d) If its container is so made, formed, or filled as to be misleading", which is charged in the libel.

The answer contains a subdivision entitled "Complete Defense and as a Counterclaim", which recites the claimant's corporate status and business; the enactment by Congress of the statute under which the libel is filed; the seizure of these packages in California and the consent to transfer the proceedings thereby initiated to this court, and that the Federal Security Agency (charged with the enforcement of this law) has threatened similar proceedings elsewhere. That the statute is unconstitutional in that it deprives the claimant of its property without due process of law.

It is alleged that, as the result of these matters, there is a controversy existing between the United States of America and the claimant, as to whether the enforcement of the Federal Food, Drug and Cosmetic Act does or does not unconstitutionally deprive the claimant of its property, and hence a declaratory judgment is sought to establish the unconstitutionality of the statute and the remedies thereunder.

The libelant has moved to strike the counterclaim as being inappropriate to a proceeding which, as nearly as may be, is to conform to the procedure in Admiralty, 21 U.S.C.A. § 334(b).

The theory of the statute is obviously that the seized articles of food have themselves violated the law, and this is an issue of fact. " * * * on demand of either party any issue of fact joined in any such case shall be tried by jury." § 334(b).

In view of that provision, it is difficult to see how the requirements of due process have been evaded. Manifestly the burden of proof lies upon the Government to sustain the material allegations of the libel, once issue is joined upon the merits.

As to the availability of the declaratory judgment statute, 28 U.S.C.A. § 400, in a proceeding in Admiralty, there seems to be no decision which the court has been able to find, nor have counsel cited any.

The conventional method of testing the legal sufficiency of the articles in a libel is by filing exceptions thereto, Admiralty Rule 27); and that course has been found adequate by many years of experience.

It is open to this claimant, and should be followed if it be advised that the Government is seeking to proceed herein according to methods not sanctioned by the Constitution.

While the counterclaim does not in terms ask for an injunction, if the declaration which it seeks were to be made, there would be in effect a decision upon the constitutionality of a federal statute, having the same force and effect as an injunction, and it might well be argued, I think, that 28 U.S.C.A. § 380a, ought to be applicable to such a situation.

It has not been shown to the satisfaction of this court, that a multiplicity of suits involving the same issue is threatened, nor can it be said that the make-up or constituency of these particular packages is an issue of such important legal scope that the otherwise non-conforming pleading should be allowed to stand.

Motion to strike the counterclaim is granted, without prejudice to the claimant's rights to challenge the libel by appropriate exceptions.

Settle order.